[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM RE: MOTIONS FOR SOLE CUSTODY, TO RELOCATE AND FOR CONTEMPT
The court has before it three motions, one to move to Long Island brought by the defendant, the second for sole custody also brought by the defendant, and the third for contempt brought by the defendant against the plaintiff. The third motion has been withdrawn by the defendant.
It is now a year since this case came before the court. At that time the court continued the motion to move to Long Island with an order that the parties be engaged in counseling along with Katie and that the matter be returned to the court in four months. Because of the delay in obtaining a therapist acceptable to both parties and to the counsel for the child, therapy was not started until May of this year.
The therapist, Elaine Rubinson, testified that in effect therapy should be continued and to move the child to Long Island would be very detrimental to the child's best interest. She also said that while the parents were making some headway in CT Page 3732 changing their behavior, there was still a long way to go.
In fact, the evidence at the hearing indicated that any change in their behavior has been minimal. On the one hand the plaintiff seemed so intent on not being merely a weekend father that he fails to consider the child's need to have a mother, too, and one who is respected by him and seen to have that respect by the child.
The defendant, on the other hand, seems so insecure in her role as a mother that any suggestion that her child needs help is met initially with a negative response. Her continued assertion that Katie's weight is no big deal is an illustration. Her total rejection of the therapist's analysis of the child's security problems is another. Somehow she must understand that Katie's problems are not solely her fault but that of both parents who continue to increase Katie's insecurity by their continued hostility to each other which is evident to Katie.
For example, Katie feels she should not call her father when she is at her mother's home. The defendant must change that impression and urge Katie to call her father on occasion. At her father's home, there is evidence that the phone had been taken off the hook thus preventing calls from the defendant. The defendant thought he had discharged his responsibilities by providing phones accessible to Katie but at no time did he ever suggest that she return her mother's calls which were recorded on the answering machine or that she call her mother on occasion. He must begin urging her to return her mother's calls or call her mother on occasion while she is in his custody.
The present visitation situation was considered by the therapist, Ms Rubinson, who recommended that it be changed to allow the mother greater time with Katie. At the present time, every weekend but the fifth is spent with the father and the weekend stretches from Friday afternoon to Sunday night. The mother's weekend, on the other hand, begins on Saturday morning. This arrangement means that, in effect, the defendant has the more relaxed time with the child while the mother has, in effect, the working part of child rearing.
As far as the move to Long Island is concerned, the defendant testified that she would not move until June because she wanted her child to finish the school year. She also testified that she was looking forward to her parents' home and in her parents' business where she hoped to make more money than she presently does as an insurance agent. The defendant became quite tearful in speaking of her desire to go "home." This seems somewhat strange in view of the fact that she has a home CT Page 3733 with a child of her own and a husband. One wonders if the real reason for moving is something other than the need for a better financial situation. Nevertheless, she does have a right to move to better her situation, but that right, in this case, must be balanced by the effect on her child. It may very well be that by the time she makes the move if the court permits it in June, Katie's situation may have improved. It can only improve, however, if both parents put some effort into it in trying to show respect for each other in front of their child.
The reasons for the order of joint custody with the attendant provisions with respect to decision making still obtain.
The motion with respect to sole custody is denied, but the orders of visitation are modified as follows:
1. The defendant will have the third weekend of every month with the child beginning on Friday and lasting through the entire weekend.
2. The defendant shall also have visitation every fifth weekend.
As a clarification of the prior court order with respect to the obligations of the parties to communicate with one another with respect to the child's needs, the following orders are added as a clarification of preexisting orders:
Whenever the child becomes ill or is injured, the party in whose custody she is at the moment should, as soon as possible, notify the other party, and where there is time, consult with the other party concerning appropriate treatment. Any decision with respect to that must be made by the defendant if time permits. Each party shall encourage the child to telephone the other party when she is either at the mother's home or her father's home. Each party shall make it possible for the child to make the phone calls to the other party and also to receive phone calls from the other party. If the parties cannot agree on an appropriate time for the child to call each of them, phone calls may be permitted to or from the child between 5:00 p. m. and 8:00 p. m.
On the motion of the defendant to move to Long Island, the court will continue this matter until March 5th, 1991 when the matter will be set down for a hearing thereon. In the interim, the parties are ordered to continue to engage in therapy with Elaine Rubinson with the frequency recommended by Ms Rubinson. CT Page 3734
The thrust of the therapy should be to enable the parties to communicate amicably with each other, both with respect to the child's needs and any other considerations. The therapist should also set as a goal for the therapy of both parents and child the lessening of the trauma which might be associated with any move of the child from her present residence. In addition, the court would hope that the therapist could persuade the parents to provide a program for weight reduction for Katie.
A further hearing is ordered for March 5, 1991. It is so ordered.
MARGARET C. DRISCOLL STATE TRIAL REFEREE